| | |
|---|---|
| LOUIS HOLLINGSWORTH, <br><br> Plaintiff, <br><br> v. <br><br> SCOTT KERNAN, et al., <br><br> Defendants. | Case No.: 1:17-cv-01477-AWI-SAB (PC) <br><br> SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT <br><br> [ECF No. 1] <br><br> **THIRTY-DAY DEADLINE** |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

## I.

## INTRODUCTION

Plaintiff Louis Hollingsworth is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.

Currently before the Court is Plaintiff's complaint, filed on November 3, 2017. (ECF No. 1.)

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or that "seek monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

Notwithstanding any filing fee, the district court must perform a preliminary screening and must dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of in forma pauperis proceedings which seek monetary relief from immune defendants); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss in forma pauperis complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming sua sponte dismissal for failure to state a claim).

///

## II.

## COMPLAINT ALLEGATIONS

Plaintiff is an inmate in the custody of the California Department of Corrections and Rehabilitations ("CDCR"), currently incarcerated at California Men's Colony, East. The events at issue took place at Wasco State Prison. Plaintiff names the following defendants: (1) Scott Kernan, Secretary of CDCR; (2) H. Shirley, Chief Deputy Warden of Wasco State Prison; (3) D. Meeks, Head Librarian at Wasco State Prison; and (4) Does # 1-10. Plaintiff sues all defendants in their individual and official capacity.

Plaintiff alleges as follows: On or about March 26, 2017, Plaintiff was convicted in Superior Court of Los Angeles (Case No. BA451374) and sentenced to twelve years in state prison. Borrowing law books from a pro se inmate in the County Jail, Plaintiff prepared and submitted a writ of habeas corpus challenging the conviction and unauthorized sentence to the Second Appellate District Court of Appeals, which was subsequently denied.

On or about May 23, 2017, Plaintiff received the order at Wasco State Prison. Plaintiff requested access to the law library to conduct legal research on how to respond by traverse to the denial of his writ, emphasizing a court deadline. Plaintiff should have received a response in three working days. Plaintiff attaches a CDCR Form 22, dated June 8, 2017, which states that his writ was denied and that he sent in a CDCR Form 22 over a week ago requesting library time with no response. (Compl., Ex. B.) The staff response is signed by D. Meeks and is dated June 9, 2017, and states "See Attached Library Access Sheet. PLU application attached, fill out + return ASAP." (Id.)

It was not until on or about June 18, 2017 that Plaintiff received the above response, stating that his request had been granted. It stated that he was now placed on the "General Library User" (GLU) list, rather than on the "Priority Library User" (PLU) list, as mandated by 15 CCR 3122, notwithstanding the fact that he had submitted Form 2171, per 15 CCR 3122(b)(3), (4). Besides, Plaintiff had already been granted GLU status on May 2, 2017. (Compl., Ex. D.)

On or about June 9, 2017, Plaintiff informed the institution's Chief Deputy Warden, H. Shirley, about his being deprived of access to the courts. (Compl., Ex. F.) But as of June 26,

3

2017, no response had been offered. Plaintiff did not receive a pass to access the law library until June 22, 2017, at which point it was too late. Plaintiff's statutory thirty-day filing deadline had come and gone, barring him with prejudice.

Plaintiff asserts a claim for denial of access to the courts. He seeks general and punitive damages, a trial by jury, and a special master for settlement offers.

# III.

# DISCUSSION

## A. Official Capacity

Plaintiff brings this action against all Defendants in their individual and official capacities. Plaintiff may not bring suit against these prison officials in their official capacity. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." Aholelel v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).

## B. Supervisory Liability

Plaintiff names Secretary Kernan as a defendant. To the extent Plaintiff seeks to bring a claim against Secretary Kernan based solely on his supervisory role, he may not do so.

Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on *respondeat superior*, or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (citing Snow, 681 F.3d at 989) (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074-75; Lacey, 693 F.3d at 915-16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional

4

violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

In this case, Plaintiff has made no factual allegations that Secretary Kernan was personally involved in a violation of his rights. Nor has Plaintiff alleged any policy at issue as discussed above. Therefore, he has failed to state any claim against Secretary Kernan.

### C. Access to Courts

"[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977)); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir.2009) (same). The right of access to the courts, however, is limited to non-frivolous direct criminal appeals, habeas corpus proceedings, and § 1983 actions. Lewis v. Casey, 518 U.S. 343, 354–55 (1996).

In order to frame a claim of a denial of the right to access the courts, a prisoner must allege facts showing that he has suffered "actual injury," a jurisdictional requirement derived from the standing doctrine. Lewis, 518 U.S. at 349. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Lewis, 518 U.S. at 348 (citation and internal quotations omitted); see also Alvarez v. Hill, 518 F.3d 1152, 1155 n. 1 (9th Cir. 2008) (noting that "[f]ailure to show that a 'non-frivolous legal claim had been frustrated' is fatal" to a claim for denial of access to legal materials) (quoting Lewis, 518 U.S. at 353 & 353 n. 4).

The provision of an adequate law library (or legal assistance) is not an end in itself, "but only the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" Lewis, 518 U.S. at 351 (quoting Bounds, 430 U.S. at 825). Indeed, there is no "abstract, freestanding right to a law library or legal assistance." Id., at 351. Therefore, a prisoner's complaint will not survive screening if it simply alleges facts showing "that his prison's law library or legal assistance program is subpar in some theoretical sense." Id.

///

Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15 (2002). For backward-looking claims, plaintiff "must show: 1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit." Phillips, 477 F.3d at 1076 (citing Christopher, 536 U.S. at 413-14).

A prisoner must allege the denial of the necessary tools to litigate a non-frivolous claim attacking a conviction, sentence, or conditions of confinement. Christopher, 536 U.S. at 415; Lewis, 518 U.S. at 353 & n.3. Plaintiff need not show that he would have been successful on the merits of his claims, but only that they were not frivolous. Allen v. Sakai, 48 F.3d 1082, 1085 & n.12 (9th Cir. 1994). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). To properly plead a denial of access to the courts claim, "the complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it." Christopher, 536 U.S. at 417-18 (footnote omitted).

In this case, Plaintiff is making a backwards-looking claim related to his habeas corpus action. He has not met the requirements for showing that he was frustrated in pursuing a non-frivolous claim. Plaintiff has included a copy of an order which appears to show that he filed a petition in a habeas proceeding while his direct appeal was pending, and it was denied. He further alleges that he was seeking library access to prepare a response to the writ. However, he cannot base a claim on the denial of access to prepare a response to a court's denial of his habeas petition. See Lewis v. Casey, 518 U.S. at 354–55; Madrid v. Gomez, 190 F.3d 990, 995 (9th Cir.1999); Cornett v. Donovan, 51 F.3d 894, 898 (9th Cir.1995) ("[W]e conclude the Supreme Court has clearly stated that the constitutional right of access requires a state to provide a law library or legal assistance only during the pleading stage of a habeas or civil rights action.").

Plaintiff has also not shown that he had a non-frivolous claim, and it appears he cannot do so as his petition was dismissed because he had a direct appeal pending.

Finally, it appears Plaintiff's complaints related to the law library involve either the frequency or length of his law library visits. He pleads that he was a general law library user but was seeking priority access. The Court cannot infer here that Plaintiff was denied the means to prosecute a non-frivolous habeas claim merely because he did not have a higher priority law library access.

### D. Doe Defendants

Doe defendants are generally disfavored. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). If Plaintiff cannot identify the Defendants by name, he must number the Doe Defendants in the complaint, e.g., "John/Jane Doe 1," John/Jane Doe 2," and allege specific acts attributed to each of the Doe Defendants, e.g., "John Doe 1 did X" and "John Doe 2 and 3 did Y," so that each numbered John Doe refers to a different specific person and their role in the alleged violations is clear. Currently, Plaintiff names ten Doe defendants, but does not number them or describe their role in any constitutional violations.

## IV.

## CONCLUSION AND ORDER

For the reasons discussed, Plaintiff's complaint is not found to state a cognizable claim. It appears very unlikely that he will be able to do so, but he shall nevertheless be granted an opportunity to amend his complaint to cure the deficiencies identified in this order. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint;

3. Plaintiff's amended complaint shall not exceed twenty-five (25) pages in length; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order.

IT IS SO ORDERED.

Dated: **March 16, 2018**

UNITED STATES MAGISTRATE JUDGE