UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS HOLLINGSWORTH,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SCOTT KERNAN, et al.,<br><br>　　　　Defendants. | Case No.: 1:17-cv-01477-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED<br><br>(ECF No. 14)<br><br>**THIRTY-DAY DEADLINE** |

**I.**

**INTRODUCTION**

Plaintiff Louis Hollingsworth is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's first amended complaint, filed on April 25, 2018. (ECF No. 14.)

**II.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or that "seek monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

Notwithstanding any filing fee, the district court must perform a preliminary screening and must dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of in forma pauperis proceedings which seek monetary relief from immune defendants); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss in forma pauperis complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming sua sponte dismissal for failure to state a claim).

///

## III.

## COMPLAINT ALLEGATIONS

Plaintiff names as defendants H. Shirley, Chief Deputy Warden of Wasco State Prison, and D. Meeks, Head Librarian at Wasco State Prison.

Plaintiff alleges as follows: On or about May 23, 2017, Plaintiff received an order at Wasco State Prison that his writ of habeas corpus had been denied. Plaintiff requested access to the law library to conduct legal research on how to respond by traverse to the denial of his writ, emphasizing a court deadline. Plaintiff should have received a response in three working days, and should have been placed on Priority Library User status.

Instead, Plaintiff was placed on the general library user list by Defendant Meeks, some two weeks later.

On or about June 9, 2017, Plaintiff informed Defendant Shirley about his being deprived of his access to the courts, but as of June 26, 2017, no response has been offered. Plaintiff did not receive access to the law library until June 22, 2017, at which point it was too late. Plaintiff's thirty-day filing period had come and gone, and he was barred, with prejudice.

## IV.

## DISCUSSION

"[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977)); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir.2009) (same). The right of access to the courts, however, is limited to non-frivolous direct criminal appeals, habeas corpus proceedings, and § 1983 actions. Lewis v. Casey, 518 U.S. 343, 354–55 (1996).

In order to frame a claim of a denial of the right to access the courts, a prisoner must allege facts showing that he has suffered "actual injury," a jurisdictional requirement derived from the standing doctrine. Lewis, 518 U.S. at 349. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Lewis, 518 U.S. at 348 (citation and internal quotations omitted); see also

Alvarez v. Hill, 518 F.3d 1152, 1155 n. 1 (9th Cir. 2008) (noting that "[f]ailure to show that a 'non-frivolous legal claim had been frustrated' is fatal" to a claim for denial of access to legal materials) (quoting Lewis, 518 U.S. at 353 & 353 n. 4).

The provision of an adequate law library (or legal assistance) is not an end in itself, "but only the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" Lewis, 518 U.S. at 351 (quoting Bounds, 430 U.S. at 825). Indeed, there is no "abstract, freestanding right to a law library or legal assistance." Id., at 351. Therefore, a prisoner's complaint will not survive screening if it simply alleges facts showing "that his prison's law library or legal assistance program is subpar in some theoretical sense." Id.

Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15 (2002). For backward-looking claims, plaintiff "must show: 1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit." Phillips, 477 F.3d at 1076 (citing Christopher, 536 U.S. at 413-14).

A prisoner must allege the denial of the necessary tools to litigate a non-frivolous claim attacking a conviction, sentence, or conditions of confinement. Christopher, 536 U.S. at 415; Lewis, 518 U.S. at 353 & n.3. Plaintiff need not show that he would have been successful on the merits of his claims, but only that they were not frivolous. Allen v. Sakai, 48 F.3d 1082, 1085 & n.12 (9th Cir. 1994). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). To properly plead a denial of access to the courts claim, "the complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it." Christopher, 536 U.S. at 417-18 (footnote omitted).

///

In this case, Plaintiff is making a backwards-looking claim related to his habeas corpus action. He has not met the requirements for showing that he was frustrated in pursuing a non-frivolous claim. In this original complaint, Plaintiff included a copy of an order which appeared to show that he filed a petition in a habeas proceeding while his direct appeal was pending, and it was denied. He further alleges that he was seeking library access to prepare a response to the writ. However, he cannot base a claim on the denial of access to prepare a response to a court's denial of his habeas petition. See Lewis v. Casey, 518 U.S. at 354–55; Madrid v. Gomez, 190 F.3d 990, 995 (9th Cir.1999); Cornett v. Donovan, 51 F.3d 894, 898 (9th Cir.1995) ("[W]e conclude the Supreme Court has clearly stated that the constitutional right of access requires a state to provide a law library or legal assistance only during the pleading stage of a habeas or civil rights action."). Plaintiff has also not shown that he had a non-frivolous claim, and he cannot do so as his petition was dismissed because he had a direct appeal pending.

Finally, it appears Plaintiff's complaints related to the law library involve either the frequently and length of his law library visits. He pleads that he was a general law library user but was seeking priority access. The Court cannot infer here that Plaintiff was denied the means to prosecute some non-frivolous habeas claim merely because he did not have a higher priority law library access.

## V.

## CONCLUSION AND ORDER

For the reasons discussed, Plaintiff's amended complaint is not found to state a cognizable claim. Plaintiff was previously provided these standards, but has not cured the deficiencies in his pleading despite being given an opportunity to amend. His allegations are largely the same as in his prior complaint. Therefore, further leave to amend is not warranted. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000); see also Schmier v. U.S. Court of Appeals for the Ninth Circuit, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend).

Accordingly, it is HEREBY RECOMMENDED that the instant action be dismissed for failure to state a cognizable claim.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 10, 2018**

UNITED STATES MAGISTRATE JUDGE